IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERESA A. BEGOLKE,

                       Plaintiff,                   OPINION AND ORDER

     v.                                    06-C-0445-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                       Defendant.

---

      This is a social security appeal brought pursuant to 42 U.S.C. § 405(g).  On June 7, 2007, I issued an order reversing the decision of the commissioner and remanding the case to the agency for further proceedings.  Now before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  In support of her fee petition, plaintiff contends that she is the prevailing party in an action in which she sought reversal or remand of a decision of defendant and that defendant's position in this litigation was not substantially justified.  Plaintiff is seeking fees and costs in the amount of $8,448.75, which includes fees incurred preparing and defending the fee petition. Defendant does not dispute that plaintiff is entitled to an award of costs and fees but contends that the amount sought by plaintiff is unreasonable.  Because I find that the fees sought by plaintiff are reasonable, I will grant the petition for an award of fees and costs.

OPINION

In <u>INS v. Jean</u>, 496 U.S. 154 (1990), the Supreme Court indicated that the district court's task of determining what fee is reasonable under the EAJA is essentially the same as that described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).  <u>Jean</u>, 496 U.S. at 161.  Under <u>Hensley</u>, the starting point for determining the amount of a reasonable fee is to multiply the number of hours reasonably expended by counsel by a reasonable hourly rate.  <u>Hensley</u>, 461 U.S. at 433.  The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant, or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors.  <u>Id</u>. at 434 n. 9.  Whether the hours would be properly billed to a client guides the inquiry.  <u>Id</u>. at 434.  Plaintiff bears the burden of proving that her fee request is reasonable and providing adequate documentation of her fee request.  <u>Id</u>. at 437.

Plaintiff requests compensation at the rate of $160 an hour for work performed by her attorneys, Daley, Debofsky & Bryant, in 2006 and $165 an hour for work performed in 2007.  She also requests compensation at the rate of $100 an hour for 2.55 hours of work performed by a paralegal.  Plaintiff has submitted a time log showing that three lawyers, Fred Daley, Marcie Goldbloom and Heather Aloe, worked on her case.  Daley, a partner at the firm, conducted a preliminary review of the case and identified issues to raise on appeal; he also prepared the time log.  Daley billed a total of 6.1 hours on the case.  Aloe, a junior

associate, performed the bulk of the work, spending a total of 34.2 hours writing plaintiff's opening and reply briefs.  Goldbloom, a senior associate, reviewed and edited Aloe's drafts, a job that took her a total of 6.55 hours.

Defendant does not contest the hourly rates but objects that the hours claimed are unreasonable.  First, he argues that it was unreasonable for Daley to spend 2.45 hours of time reviewing the case before filing it, pointing out that Daley was already familiar with the case because he represented plaintiff before the Appeals Council.  As an initial matter, Daley's time entry for June 8, 2006 showing that he spent .7 hours reading this court's opinion is a typographical error; the entry should have been for June 8, 2007.  When the correction is made, the log reflects that Daley spent only 1.75 hours on the case before the complaint was filed.  This amount of time was not unreasonable.  Whether he represented plaintiff before the Appeals Council or not, Daley was entitled before filing a federal lawsuit to reacquaint himself with the issues in the case and confirm with plaintiff that she wanted to proceed to federal court.  Further, because a plaintiff may raise issues in federal court that were not presented to the Appeals Council, Sims v. Apfel, 530 U.S. 103 (2000), it was not unreasonable for Daley to review the record a second time to see if there were any additional issues that could be raised in federal court that he might not have presented at the administrative level.

Defendant's contention that plaintiff's lawyers engaged in unnecessary duplication of work is similarly unfounded.  A commonsensical reading of the time log indicates that

although multiple lawyers worked on plaintiff's case, the more senior attorneys were limited to directing and reviewing the work of Aloe, the junior attorney.  This is not an uncommon nor unreasonable litigation practice.  The expertise offered by more senior attorneys can streamline and enhance the work of those less experienced and lead to an overall reduction in the time spent on any given case.  I am satisfied from my review of plaintiff's time log that any duplication of effort by the lawyers in this case was minimal and reasonable.

Finally, defendant argues that the combined 47 hours plaintiff's lawyers spent on her case was simply too much.  Defendant characterizes this case as a mine-run social security appeal that required far less time than plaintiff's lawyers put into it, especially when the same lawyers represented plaintiff before the Appeals Council and are experts in handling social security cases.  Defendant suggests that a case of this nature should have taken only half the time plaintiff's lawyers spent on it, or 23.5 hours.

Plaintiff's lawyers spent a total of 26.3 hours drafting and revising the initial brief and 13.5 hours on the reply brief.  Her opening brief was 31 pages in length and her reply was 15 ½ pages.  Plaintiff raised four issues on appeal and succeeded in obtaining a remand based on two of those issues.  Like most social security cases, the case did not present novel legal issues but was fact intensive, requiring a detailed examination of plaintiff's medical records and correlation of those records with plaintiff's subjective complaints.  A comparison of plaintiff's initial brief with her memorandum to the Appeals Council shows that the initial brief did not merely borrow from the latter but was an original document that expanded

4

upon the arguments raised before the Appeals Council.  The reply brief presented a tailored and thorough response to the commissioner's brief in defense of his decision.

Under the circumstances, the time claimed by plaintiff's lawyers is reasonable. Further, plaintiff's claim falls within the range of those this court has found to be reasonable in other social security cases.  Smith v. Barnhart, 05-C-0026-C, dkt. #29 (70.7 hours in district court reasonable); Seamon v. Barnhart, 05-C-0013-C, dkt. #18 (49.25 hours on initial and reply briefs reasonable); Nickola v. Barnhart, 03-C-622-C , dkt. #26 (60 hours on initial and reply briefs reasonable); Swenson v. Apfel, 98-C-202-C, dkt. #22 (59.2 hours in district court was reasonable).

Although defendant has not had the opportunity to review plaintiff's supplemental request for fees incurred preparing and defending the fee petition, I have reviewed it and find that the amount of hours sought by plaintiff are reasonable.  Plaintiff has submitted a claim for a total of $788.75 in conjunction with preparing and defending her fee request. Plaintiff's submissions show that a law clerk spent 1 hour preparing the petition and 4 hours writing the reply and Daley spent 1 hour preparing the time log and .75 hour reviewing and editing the reply.  This was a reasonable amount of time, especially given the detailed nature of plaintiff's reply.  Accordingly, plaintiff is entitled to fees totaling $8,448.75.

ORDER

IT IS ORDERED that the petition of plaintiff Theresa Begolke for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is GRANTED. Plaintiff is awarded attorney fees in the amount of $8,448.75, to be made payable to plaintiff's attorney, Frederick J. Daley, Jr.

Entered this 26th day of October, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge